## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---

| | |
|---|---|
| **LORNA PROSPER-HARLEY**  ) | |
| **P.O. Box 651**  ) | |
| **Hampton, GA 30228**  ) | |
|  ) | |
| **Plaintiff,**  ) | |
|  ) | |
| **v.**  ) | **Civil Action No. 17-2178** |
|  ) | |
| **RICHARD CORDRAY, DIRECTOR**  ) | |
| **CONSUMER FINANCIAL PROTECTION**  ) | **COMPLAINT & JURY DEMAND** |
| **BUREAU**  ) | |
| **1700 G Street, N.W.**  ) | |
| **Washington, D.C. 20552**  ) | |
|  ) | |
| **Defendant.**  ) | |

---

Plaintiff, Lorna Prosper-Harley, by and through her undersigned counsel, states and

alleges as follows:

### COMPLAINT

1.      Plaintiff Lorna Prosper-Harley ("Plaintiff" or "Ms. Prosper-Harley") brings this

civil action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42

U.S.C. § 2000e, *et seq*. and the Age Discrimination in Employment Act of 1967  (ADEA), as

amended, for relief from discrimination based on race (African American), national origin

(Caribbean), sex (female), color (black), age (over 40), retaliation (prior protected activity),

and hostile work environment.

2.  Defendant Consumer Financial Protection Bureau ("Defendant") discriminated against

   Plaintiff on the bases of her race (African American), national origin (Caribbean), sex

   (female), color (black), age (over 40), retaliation (prior protected activity), and further

subjected her to a hostile work environment during the course of her employment with the Consumer Financial Protection Bureau ("CFPB" or "Agency").

3.      The Plaintiff in this case, Lorna Prosper-Harley ("Plaintiff"), is an accomplished Field Examiner for the Consumer Financial Protection Bureau ("CFPB" or "Agency"). The race, national origin, and sex discrimination, and  retaliation against the Plaintiff described in this Complaint has been and is continuing in nature.

## PARTIES

4.      Plaintiff, Lorna Prosper-Harley ("Plaintiff"), is a female "employee" at the CFPB, within the meaning of 29 U.S.C. § 203(e). She currently resides in Hampton, Georgia.

5.      Defendant, Consumer Financial Protection Bureau ("CFPB"), is an independent agency of the United States charged with regulating the offering and providing of consumer-financial products and services under federal consumer financial laws. Defendant is headquartered at 1700 G Street, N.W., Washington, D.C. 20552.

6.      At all times relevant to this action, Defendant CFPB was and is an "employer" within the meaning of 29 U.S.C. § 203(d).

## JURISDICTION

7.      This Honorable Court has subject matter jurisdiction over this suit pursuant to 28 U.S.C. §§ 1331 as it asserts a claim that arises under the Constitution, laws or treaties of the United States, specifically Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, to redress and enjoin employment practices of the Defendant, an agency of the United States.

8.      This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1343.

## VENUE

9.      Venue is appropriate and based on the fact that a substantial part of the actions complained of are the result of actions and the employment practices of Defendant, an Agency of the federal government that operates within the District of Columbia, and occurred in the District of Columbia.  28 U.S.C. § 1391.

10.     Additionally, venue is proper in the District of Columbia District Court under 28 U.S.C. §§ 1391(b) and (e) because a substantial part of the wrongful conduct complained of herein occurred in this District, Defendant transacts substantial business in this District, and Defendant maintains employment records related to this action in the District of Columbia.

11.     Venue is further appropriate because a substantial part of the events or omissions giving rise to this Complaint occurred within the offices of the CFPB, which is headquartered in the District of Columbia.

## EXHAUSTION OF REMEDIES

12.     Plaintiff has exhausted all of her administrative remedies.

13.     On March 7, 2014, Plaintiff filed a formal EEO Complaint of employment discrimination  against the Defendant alleging harassment and hostile work environment on the bases of race (African American), national origin (Caribbean), sex (female), color (black), age (over 40), and in reprisal for EEO activity for the unlawful acts of Responsible Management Officials Jim Carley, Jerome Uberu, Karyn Mysilwiec, and other  management officials.

14.     On May 14, 2015, Plaintiff requested a FAD to the CFPB's Office of Civil Rights.

15.     On July 13, 2015, Plaintiff received a FAD decision. On October 19, 2015 Plaintiff appealed the FAD decision to the U.S. Equal Employment Opportunity Commission Office of Federal Operations, after receiving an extension to file.

16.     On July 21, 2017, Plaintiff received a Right-to-Sue letter dated  July 5, 2017 (Appeal No. 0120152728) from the U.S. Equal Employment Opportunity Commission Office of Federal Operations.

17.     Accordingly, Plaintiff timely files this action in accordance with the Notice of Rights, which provided Plaintiff the right to file this Complaint within 90 days of receipt of the Notice.  Plaintiff brings this action for discrimination on the basis of her race (African American), national origin (Caribbean), sex (female), color (black), age (over 40), retaliation (prior protected activity), and further subjected her to a hostile work environment during the course of her employment with the CFPB.


**FACTS**

18.     Plaintiff began her federal service employment in 1989 as an Examiner with the Federal Reserve Board and has worked as an Examiner for over twenty five (25) years.  As an Examiner for the Federal Reserve Board (Board), she examined financial institutions, technology service providers, and external entities under the Board's supervision, which included responsibilities for the Reserve Banks of New York, Richmond, Virginia and Minneapolis, Minnesota.

19.     Plaintiff's education includes a Bachelor's of Science in Business Administration with a concentration in finance, a Masters of Business Administration (MBA) with a

concentration in finance and public administration, and a Graduate Banking Diploma from the Stonier American Bankers Association at Georgetown University.

20.     Plaintiff's additional certifications and credentials include being a Certified Internal Auditor, Certified Information Systems Auditor, Certified Financial Services Auditor, Certified Government Financial Manager (the equivalent of a CPA), and holds a certification in risk management assurance.

21.     In 2004, Plaintiff transitioned to work as an Examiner for the Division of Supervision with the Federal Reserve Bank of Atlanta, Georgia, where she examined large banks and other entities under the purview of the Bank. Additionally, Plaintiff coordinated the Federal Reserve Bank of Atlanta financial education program, and received the President of the United States Volunteer Service Award from Past President Barack Obama.

22.     In 2008, Plaintiff was commissioned as an Examiner at the Board, which is a superior credential only awarded to recipients after undergoing rigorous training.

23.     On July 31, 2011, as a result of legislation under the Dodd-Frank Act, Plaintiff transitioned to the CFPB to work on large banks. During the transition, Plaintiff was incorrectly placed in the position of Field Examiner (CN-0260-53), even though at the Federal Reserve Bank her title was Senior Compliance Examiner/Director of Examinations. This classification, which was the equivalent of a Grade 60 at the CFPB, was confirmed by the Federal Reserve Bank to the CFPB. However, the Agency did not classify her correctly.

24.     Despite Plaintiff's level, years of experience, and credentials, Defendant relegated her to a CN-53 position, even though she was transitioning from a higher level position at the Federal Reserve Bank, and should have been on-boarded as the  equivalent of a Grade 60 at the CFPB.  Plaintiff has been in this position ever since.

25.     On several occasions subsequent to July 31, 2011, Ms. Prosper-Harley requested salary tables and job descriptions for Examiners, from the Office of Human Capital in order to determine her proper classification, which she was advised to do by the Office of Human Capital at the Federal Reserve Bank of Atlanta. However, the CFPB denied her requests based on management's instructions.

26.     On or about September 2012, Plaintiff was requested to provide testimony as part of an EEO complaint by another CFPB Examiner. During this time, Jerome Uberu, Field Exam Manager, Division of Supervision, Fair Lending and Enforcement, Office of Supervision Examinations (SEFL), Southeast (SE) Region advised Plaintiff that Karyn Mysilwiec, Supervisory Examiner (Grade 60), wanted her to provide daily status updates concerning this Examiner's work performance. In response, Plaintiff advised Mr. Uberu that she was unable to do that because she had an examination to run, and had to train seven brand new examiners. After Plaintiff provided this testimony, Tywana Haynes-Gholar, Supervisory Examiner (Grade 60), advised Plaintiff that she was told that she had to place anonymous negative feedback in Plaintiff's performance appraisal, which negatively impacted her rating. Plaintiff believes this was in retaliation for her prior EEO activity.

27.     From January 2013 through Jun 2013, Jerome Uberu, Field Exam Manager, Division of Supervision, Fair Lending and Enforcement, Office of Supervision Examinations (SEFL), Southeast (SE) Region, under the direction of Regional Director, James Carley, denied Lorna Prosper-Harley compensatory time or credit hours commensurate with her workload and meeting requirements, and re-negotiated unrealistic deadlines for Ms. Prosper-Harley to complete assignments.

28.     From January 2013 through June 2013, Mr. Uberu prohibited Ms. Prosper-Harley from communicating directly with key headquarters staff.

29.     Between January 2013 and June 2013, Mr. Uberu and Mr. Carley assigned Ms. Prosper-Harley as Examiner in Charge, but seven of the eight examiners on her team were trainees, which resulted in her working beyond her required hours without pay.

30.     Between January 2013 and June 2013, Mr. Uberu and Mr. Carley tasked Ms. Prosper-Harley with an unrealistic workload when she was assigned as a team lead and Examiner in charge on the 1Q2013 exam, had to prepare for and conduct and exit meeting for a 2012 exam, and prepare for a 2Q2013 exam.

31.     Between January 2013 and June 2013, Mr. Uberu harassed Ms. Prosper-Harley when she took annual leave that she had been approved by Roy Dickinson, Assistant Regional Director, SE Region. Further, Mr. Uberu agreed that Ms. Prosper-Harley could use accrued credit hours in lieu of annual leave, but refused to approve the use of the credit hours.

32.     Between January 2013 and June 2013, Mr. Uberu required Ms. Prosper-Harley to send email messages that he dictated to a headquarters key staff member because Mr. Uberu did not want to communicate with this individual.

33.     Between January 2013 and June 2013, Mr. Uberu would not permit Ms. Prosper-Harley to return to an examination until the date of the exit meeting which required Ms. Prosper-Harley to communicate with her team electronically, despite serving as the Examiner in Charge.

34.     During February 2013, Mr. Uberu verbally counseled Ms. Prosper-Harley after her government credit card was suspended.

35.     Between July 2013 and October 2013, Ms. Melissa Paige Phillips, Supervisory Examiner, Field Exam Manager, SEFL; Ms. Janice Luscasko (former employee and co-worker, SEFL); and Mr. Dickinson gave Ms. Prosper-Harley negative feedback regarding her work hours, and Mr. Dickinson singled out Ms. Prosper-Harley when he made an American Association of retired Persons comment, which Ms. Prosper-Harley believed was in reference to her age.

36.     On or about May 9, 2013, Mr. Uberu verbally humiliated Ms. Prosper-Harley in the presence of a new examiner for something he erroneously thought she had not done for the examiner.

37.     During a meeting on July 30, 2013, Ms. Lukacsko announced in the presence of all examiners that Ms. Prosper-Harley's claim of a power outage in her area was not true. Ms. Prosper-Harley had informed Ms. Phillips of the power failure and not Ms. Lukacsko.

38.     During a meeting on August 27, 2013, Ms. Phillips expressed unhappiness with the length of time it took Ms. Prosper-Harley to complete complaint reviews even though Ms. Phillips was aware, but had not interceded in management's untimely submission of information necessary for Ms. Prosper-Harley to timely complete her complaint reviews.

39.     During August 2013 and January 2014, Ms. Prosper-Harley requested, but was denied, a non-competitive promotion to Grade 60 Examiner and Grade 60 Supervisory Examiner positions, by Steve Day, Assistant Regional Director, SEFL, SE Region, and Mr. Carley.

40.     During August 2013 and January 2014, Ms. Prosper-Harley requested, but was denied, a non-competitive promotion to Grade 60 Examiner and Grade 60 Supervisory

Examiner positions, by Steve Day, Assistant Regional Director, SEFL, SE Region, and Mr. Carley.

41.     During August 2013 and January 2014, Ms. Prosper-Harley also applied for and was denied promotion to Grade 60 Examiners and Grade 60 Supervisory Examiner positions, by Steve Day and Mr. Carley.

42.     During December 2013, Ms. Prosper-Harley was denied per diem for a regional examiner huddle and subsequently obtained a medical waiver to get reimbursed for her meals and be excused from subsequent dining arrangements.

43.     During January 2014 through April 2014, Supervision management denied Ms. Prosper-Harley's request for unspecific leave.

44.     Additionally, Mr. Day denied Ms. Prosper-Harley's request for an extension to appeal her FY 2012 performance appraisal rating.

45.     On or about September 12, 2014, despite her knowledge, skills, abilities, and certifications, Plaintiff learned through a status update on USA jobs, that she was not selected for the Supervisory Examiner, Field Examination Manager position, Job Announcement Number 14-CFPB-225XMP. A less qualified, non-Hispanic Caucasian male was selected, instead Samuel Cosgrove, who had previously come into the CFPB as a Entry-level Examiner, Grade 30, after the Plaintiff had already commenced her employment with the Agency at a higher level. Mr. Cosgrove was previously a Revenue Collector at the IRS and he had no prior examination experience. Mr. James Carley, Regional Director, Division of Supervision, Fair Lending and Enforcement, Office of Supervision Examinations, Southeast Region, was the management official responsible for the non-selection, particularly when he waived the commissioning requirements for the selectee.

9

46.     Also, on or about September 12, 2014, Plaintiff learned that she was not selected for the Non-Supervisory Examiner, Field Examination Manager position, Job Announcement Number 14-CFPB-219XMP. Again, Mr. James Carley, Regional Director, Division of Supervision, Fair Lending and Enforcement, Office of Supervision Examinations, Southeast Region, was the management official responsible for the non-selection.

### Injury to Plaintiff

47.     As a result of Defendant's conduct, Ms. Prosper-Harley has suffered, and will continue to  suffer, irreparable loss and injury, including but not limited to, pain and suffering, economic loss, humiliation, embarrassment, indignity, mental and  emotional distress, and the deprivation of her rights to equal employment opportunity.

### CAUSES OF ACTION

### COUNT ONE
### (Employment Discrimination on the Basis of Race)

1.     Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

2.     As an African American, Plaintiff is a member of a protected class.

3.     Because of her race, Plaintiff was subjected to the unlawful conduct and adverse actions alleged throughout this Complaint under Title VII.

4.     Defendant's foregoing unlawful adverse actions materially affected the terms, privileges and conditions of Plaintiff's employment.

5.      Defendant knew that Plaintiff is African American prior to the adverse actions described throughout the Complaint and was aware or should have been aware of the discrimination Plaintiff was subjected because of her race.

6.      Plaintiff has been treated differently and subjected to different terms and conditions of her employment due to her race (African American).

7.      Defendant has limited, segregated and classified Plaintiff in a way that deprived her of employment opportunities and otherwise adversely affected her status as an employee because of her race (African American).

8.      Other employees who were similarly situated, but members of a different class than Plaintiff, have been treated more favorably then Plaintiff in the terms and conditions of employment.

9.      Plaintiff's race was a determining factor in Defendant's unlawful conduct toward Plaintiff.

10.     Plaintiff's race was a motivating factor in Defendant's unlawful conduct toward Plaintiff.

11.     The reasons proffered by Defendant for its unlawful conduct are pretextual and Defendant cannot further offer any legitimate reason for its unlawful conduct.

12.     Defendant's aforementioned conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of her race (African American).

13.     Defendant discriminated against Plaintiff because of her race by engaging in, tolerating or failing to prevent racial discrimination and by failing to take affirmative action to correct and redress the unlawful employment practices perpetrated against Plaintiff.

11

14.     Defendant is directly liable for the discriminatory acts or omissions of its agents, servants and employees while acting within the course and scope of their employment, under the theory of *Respondeat Superior.*

15.     As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses and costs – and is entitled to all available legal and equitable remedies.

16.     Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature.  Further, Defendant's treatment and actions were ongoing.

17.     Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated with Plaintiff not contributing in any way thereto.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a.  Award compensatory damages in excess of Two Hundred Twenty-Five Thousand Dollars ($225,000.00);

b.  Damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct including for loss of promotional potential, reputation, lost wages, lost job benefits she would have received but for Defendant's unlawful conduct;

c.  Award reasonable attorney fees, costs, and expenses incurred for this action;

d.  Order Defendant to institute a policy and procedure to be implemented against discrimination;

e.  Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

g.  Supervisory training for the supervisors at issue herein;

h.  Award equitable, declaratory, and injunctive relief; and

i.  Award such other and further relief as this Honorable Court deems just and proper.

## COUNT TWO
### (Employment Discrimination on the Basis of Retaliation)

18.  Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

19.  Soon after complaining, Plaintiff was subjected to the unlawful conduct and adverse actions alleged throughout this Complaint in violation of Title VII.

20.  Defendant subjected Plaintiff to the aforementioned adverse employment actions because of her participation and opposition to the unlawful and discriminatory employment practices of Defendant in violation of Title VII.

21.  Defendant, including Plaintiff's supervisors, knew of Plaintiff's engagement in protected activity prior to engaging in the aforementioned adverse actions when they were informed by Plaintiff, by an EEO representative, or otherwise engaged in the complaint process.

22.  The adverse retaliatory actions to which Plaintiff has been subjected are a direct result of Plaintiff having previously engaged in protected EEO activity.

23.  Plaintiff's prior protected activity was a determining factor in Defendant's unlawful conduct toward Plaintiff.

24.  Plaintiff's prior protected activity was a motivating factor in Defendant's unlawful conduct toward Plaintiff.

25.     Similarly situated employees (no known prior EEO activity) were not subjected to the same, similar or any adverse treatment.

26.     The adverse treatment that Plaintiff was being subjected to by Defendant was obvious to her co-workers who could and did observe the distress that the treatment caused Plaintiff.

27.     Defendant's unlawful conduct has created a climate of fear and intimidation for Plaintiff and other employees, which creates a chilling effect in violation of Title VII.

28.     The reasons proffered by Defendant for its unlawful conduct are pretextual and Defendant cannot further offer any legitimate reason for its unlawful conduct.

29.     Defendant's unlawful conduct negatively impacted the terms, conditions and privileges of Plaintiff's employment.

30.     Defendant's retaliatory conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of her participation and opposition to Defendant's discriminatory conduct.

31.     Defendant is directly liable for the discriminatory acts or omissions of its agents, servants and employees while acting within the course and scope of their employment, under the theory of *Respondeat Superior.*

32.     As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses and costs – and is entitled to all available legal and equitable remedies.

14

33.     Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature.  Further, Defendant's treatment and actions were ongoing.

34.     Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated with Plaintiff contributing in any way thereto.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a.  Award compensatory damages in excess of Two Hundred Twenty-Five Thousand Dollars ($225,000.00);

b.  Damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct including for loss of promotional potential, reputation, lost wages, lost job benefits she would have received but for Defendant's unlawful conduct;

c.  Award medical costs and expenses incurred as a result of Defendant's unlawful conduct;

d.  Award reasonable attorney fees, costs, and expenses incurred for this action;

e.  Order Defendant to institute a policy and procedure to be implemented against discrimination;

f.  Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

g.  Supervisory training for the supervisors at issue herein;

h.  Award equitable, declaratory, and injunctive relief; and

i.  Award such other and further relief as this Honorable Court deems just and proper.

## COUNT THREE
**(Employment Discrimination on the Basis of Gender)**

35.     Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

36.     Plaintiff, a female, is a member of a protected class.

37.     Because of her gender, Plaintiff was subjected to the unlawful conduct and adverse actions alleged throughout this Complaint in violation of Title VII.

38.     Defendant's foregoing unlawful adverse actions materially affected the terms, privileges and conditions of Plaintiff's employment.

39.     Defendant knew that Plaintiff is female prior to the adverse actions described throughout the Complaint and was aware or should have been aware of the discrimination Plaintiff was subjected because of her gender (female).

40.     Plaintiff has been treated differently and subjected to different terms and conditions of her employment due to her gender (female) in violation of Title VII.

41.     Defendant has limited, segregated and classified Plaintiff in a way that deprived her of employment opportunities and otherwise adversely affected her status as an employee because of her gender (female).

42.     Other employees who were similarly situated, but members of a different class than Plaintiff, have been treated more favorably then Plaintiff in the terms and conditions of employment.

43.     Plaintiff's gender was a determining factor in Defendant's unlawful conduct toward Plaintiff.

44.     Plaintiff's gender was a motivating factor in Defendant's unlawful conduct toward Plaintiff.

45.    The reasons proffered by Defendant for its unlawful conduct are pretextual and Defendant cannot further offer any legitimate reason for its unlawful conduct.

46.    Defendant's aforementioned conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of her gender (female).

47.    Defendant discriminated against Plaintiff because of her gender by engaging in, tolerating or failing to prevent gender discrimination and by failing to take affirmative action to correct and redress the unlawful employment practices perpetrated against Plaintiff.

48.    Defendant is directly liable for the discriminatory acts or omissions of its agents, servants and employees while acting within the course and scope of their employment, under the theory of *Respondeat Superior*.

49.    As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses and costs – and is entitled to all available legal and equitable remedies.

50.    Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature.  Further, Defendant's treatment and actions were ongoing.

51.    Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated with Plaintiff contributing in any way thereto.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a. Award compensatory damages in excess of Two Hundred Twenty-Five Thousand Dollars ($225,000.00);

b. Damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct including for loss of promotional potential, reputation, lost wages, lost job benefits she would have received but for Defendant's unlawful conduct;

c. Award medical costs and expenses incurred as a result of Defendant's unlawful conduct;

d. Award reasonable attorney fees, costs, and expenses incurred for this action;

e. Order Defendant to institute a policy and procedure to be implemented against discrimination;

f. Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

g. Supervisory training for the supervisors at issue herein;

h. Award equitable, declaratory, and injunctive relief; and

i. Award such other and further relief as this Honorable Court deems just and proper.

## **COUNT FOUR**
### **(Employment Discrimination on the Basis of National Origin)**

52.     Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

53.     Plaintiff, Caribbean, is a member of a protected class.

54.     Because of her national origin (Caribbean), Plaintiff was subjected to the unlawful conduct and adverse actions alleged throughout this Complaint in violation of Title VII.

55.     Defendant's foregoing unlawful adverse actions materially affected the terms, privileges and conditions of Plaintiff's employment.

56.     Defendant knew that Plaintiff is Caribbean prior to the adverse actions described throughout the Complaint and was aware or should have been aware of the discrimination Plaintiff was subjected because of her national origin (Caribbean).

57.     Plaintiff has been treated differently and subjected to different terms and conditions of her employment due to her national origin (Caribbean) in violation of Title VII.

58.     Defendant has limited, segregated and classified Plaintiff in a way that deprived her of employment opportunities and otherwise adversely affected her status as an employee because of her national origin (Caribbean).

59.     Other employees who were similarly situated, but members of a different class than Plaintiff, have been treated more favorably then Plaintiff in the terms and conditions of employment.

60.     Plaintiff's national origin was a determining factor in Defendant's unlawful conduct toward Plaintiff.

61.     Plaintiff's national origin was a motivating factor in Defendant's unlawful conduct toward Plaintiff.

62.     The reasons proffered by Defendant for its unlawful conduct are pretextual and Defendant cannot further offer any legitimate reason for its unlawful conduct.

63.     Defendant's aforementioned conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of her gender (female).

64.     Defendant discriminated against Plaintiff because of her national origin by engaging in, tolerating or failing to prevent gender discrimination and by failing to take

affirmative action to correct and redress the unlawful employment practices perpetrated against Plaintiff.

65.     Defendant is directly liable for the discriminatory acts or omissions of its agents, servants and employees while acting within the course and scope of their employment, under the theory of *Respondeat Superior.*

66.     As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses and costs – and is entitled to all available legal and equitable remedies.

67.     Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature.  Further, Defendant's treatment and actions were ongoing.

68.     Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated with Plaintiff contributing in any way thereto.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a. Award compensatory damages in excess of Two Hundred Twenty-Five Thousand Dollars ($225,000.00);

b. Damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct including for loss of promotional potential, reputation, lost wages, lost job benefits she would have received but for Defendant's unlawful conduct;

c. Award medical costs and expenses incurred as a result of Defendant's unlawful conduct;

d.   Award reasonable attorney fees, costs, and expenses incurred for this action;

e.   Order Defendant to institute a policy and procedure to be implemented against discrimination;

f.   Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

g.   Supervisory training for the supervisors at issue herein;

h.   Award equitable, declaratory, and injunctive relief; and

i.   Award such other and further relief as this Honorable Court deems just and proper.

## COUNT FIVE
### (Employment Discrimination on the Basis of Age)

69.   Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

70.   Plaintiff, over 40, is a member of a protected class.

71.   Because of her age, Plaintiff was subjected to the unlawful conduct and adverse actions alleged throughout this Complaint in violation of ADEA.

72.   Defendant's foregoing unlawful adverse actions materially affected the terms, privileges and conditions of Plaintiff's employment.

73.   Defendant knew that Plaintiff is over 40 prior to the adverse actions described throughout the Complaint and was aware or should have been aware of the discrimination Plaintiff was subjected because of her age (over 40).

74.   Plaintiff has been treated differently and subjected to different terms and conditions of her employment due to her age (over 40) in violation of Title VII.

75.     Defendant has limited, segregated and classified Plaintiff in a way that deprived her of employment opportunities and otherwise adversely affected her status as an employee because of her age (over 40).

76.     Other employees who were similarly situated, but members of a different class than Plaintiff, have been treated more favorably then Plaintiff in the terms and conditions of employment.

77.     Plaintiff's age was a determining factor in Defendant's unlawful conduct toward Plaintiff.

78.     Plaintiff's age was a motivating factor in Defendant's unlawful conduct toward Plaintiff.

79.     The reasons proffered by Defendant for its unlawful conduct are pretextual and Defendant cannot further offer any legitimate reason for its unlawful conduct.

80.     Defendant's aforementioned conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of her gender (female).

81.     Defendant discriminated against Plaintiff because of her age by engaging in, tolerating or failing to prevent gender discrimination and by failing to take affirmative action to correct and redress the unlawful employment practices perpetrated against Plaintiff.

82.     Defendant is directly liable for the discriminatory acts or omissions of its agents, servants and employees while acting within the course and scope of their employment, under the theory of *Respondeat Superior*.

83.     As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages –

22

including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses and costs – and is entitled to all available legal and equitable remedies.

84.    Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature.  Further, Defendant's treatment and actions were ongoing.

85.    Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated with Plaintiff contributing in any way thereto.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a.   Award compensatory damages in excess of Two Hundred Twenty-Five Thousand Dollars ($225,000.00);

b.   Damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct including for loss of promotional potential, reputation, lost wages, lost job benefits she would have received but for Defendant's unlawful conduct;

c.   Award medical costs and expenses incurred as a result of Defendant's unlawful conduct;

d.   Award reasonable attorney fees, costs, and expenses incurred for this action;

e.   Order Defendant to institute a policy and procedure to be implemented against discrimination;

f.   Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

g.   Supervisory training for the supervisors at issue herein;

h.   Award equitable, declaratory, and injunctive relief; and

i.   Award such other and further relief as this Honorable Court deems just and proper.

## COUNT SIX
### (Hostile Work Environment)

86.     Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

87.     As a result of Plaintiff's protected status and participation in protected activity, Plaintiff's supervisors routinely humiliated Plaintiff and engaged in persistent pattern of severe and pervasive harassment as set forth herein, which created a hostile and offensive workplace environment in violation of Title VII,  .

88.     Plaintiff was regularly and continually subjected to harassing conduct that alleged throughout this Complaint, which created a hostile and abusive work environment.

89.     Plaintiff believes that she was subjected to a hostile work environment based on her race (African American), gender (female), national origin (Caribbean), age (over 40) and because of her participation in protected activity.

90.     Defendant's unlawful conduct was unwelcome.

91.     Defendant's deliberate conduct of the adverse actions referred to throughout this Complaint created a hostile and abusive work environment.

92.     Plaintiff was subjected to harassment because her race (African American), gender (female), national origin (Caribbean), age (over 40), and because of her participation in protected activity and opposition to discriminatory conduct, and it unreasonably interfered and affected a term, condition, or privilege of Plaintiff's employment.

93.     Defendant knew or should have known of the harassment.  Defendant failed to adequately investigate the harassment and took no effective, immediate or remedial action. Despite Plaintiff's complaints, the harassment continued unabated and increased over time.

94.     By failing to take appropriate and effective remedial action against Plaintiff's supervisors, Defendant acted with malice or with reckless or callous indifference to Plaintiff's complaints.

95.     Defendant is directly liable for the discriminatory acts or omissions of its agents, servants and employees while acting within the course and scope of their employment, under the theory of *Respondeat Superior*.

96.     As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses and costs – and is entitled to all available legal and equitable remedies.

97.     Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature.  Further, Defendant's treatment and actions were ongoing.

98.     Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated with Plaintiff contributing in any way thereto.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a.  Award compensatory damages in excess of Two Hundred Twenty-Five Thousand Dollars ($225,000.00);

b.  Damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct including for loss of promotional potential, reputation, lost wages, lost job benefits she would have received but for Defendant's unlawful conduct;

c.   Award medical costs and expenses incurred as a result of Defendant's unlawful conduct;

d.   Award reasonable attorney fees, costs, and expenses incurred for this action;

e.   Order Defendant to institute a policy and procedure to be implemented against discrimination;

f.   Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

g.   Supervisory training for the supervisors at issue herein;

h.   Award equitable, declaratory, and injunctive relief; and

i.   Award such other and further relief as this Honorable Court deems just and proper.

## COUNT SEVEN
### Equitable Relief

150.   Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein.

151.   Because of the actions alleged herein, the continued employment of the supervisors at issue herein without training in equal employment opportunity law, rules and regulations, present clear and present dangers to the employees of Defendant and could result in further illegal actions on the party of Defendant, by and through its agents, servants and employees.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court:

a.   Order the Defendant to institute a policy and procedure to be implemented against discrimination;

b.   Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

    c.      Supervisory training for the supervisors at issue herein; and

    d.      Such other and further relief as this Court deems just and proper.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Lorna Prosper-Harley, respectfully prays judgment against Defendant in the amount of Plaintiff's unpaid compensation and benefits, back pay, liquidated damages, compensatory damages in amount to be determined by the jury, attorney's fees, and costs of the action for the conduct of Defendant alleged herein.

Plaintiff also requests that this Court enter a declaratory judgment finding that the foregoing actions of Defendant violated  Title VII; and grant a permanent injunction enjoining Defendant from discriminating within any of its establishments against Plaintiff.

## **JURY DEMAND**

Plaintiff demands a trial by jury of all issues so triable herein.

Dated: October 19, 2017

                                **LORNA PROSPER-HARLEY**

                                By:
                             /S/ Donna Williams Rucker

Donna Williams Rucker, Esq.
(D.C. Bar No. 446713)
TULLY RINCKEY PLLC
815 Connecticut Avenue N.W., Suite 720
Washington, D.C. 20006
Phone: (202) 787-1900
Fax: (202) 640-2059
DRucker@FedAttorney.com

**ATTORNEY FOR PLAINTIFF**